COCA–COLA CO. v. COLLINS. (No. 8321.)

(Court of Civil Appeals of Texas. Dallas. Feb. 14, 1920.)

1. PLEADING ⊜111—PLAINTIFF'S FAILURE TO FILE CONTROVERTING AFFIDAVIT TO DEFENDANT'S PLEA OF PRIVILEGE OR REQUEST TIME FOR SO DOING HELD WAIVER OF RIGHT TO SO DO.

Where court, on overruling plaintiff's demurrer to defendant's plea of privilege, instructed plaintiff to file controverting affidavit, and on plaintiff's refusal to so do stated that he would proceed to hold hearing on defendant's plea of privilege, unless plaintiff requested time to file controverting affidavit, plaintiff by not filing controverting affidavit or requesting time for so doing as required by Rev. St. 1911, art. 1903, as amended by Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), waived the right to file controverting affidavit, and was not injured by court's refusal to defer the case until subsequent term.

2. PLEADING ⊜104(2)—PLEA OF PRIVILEGE NEGATIVES POSSIBLE EXCEPTIONS TO EXCLUSIVE VENUE IN COUNTY OF DEFENDANT'S RESIDENCE.

Defendant's plea of privilege, stating that "none of the exceptions to exclusive venue in the county of one's residence mentioned" in Rev. St. 1911, arts. 1830 and 2308, "exists in this cause, that this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained" in the county in which it was instituted, instead of county of defendant's residence, *held* to negative the possible exceptions to exclusive venue in the county of one's residence.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by the Coca-Cola Company against Joe Collins, doing business as the Kaufman Bottling Company. Judgment on defendant's plea of privilege, transferring cause to another county, and plaintiff appeals. Affirmed.

Crane, Crane & Umphres, of Dallas, for appellant.

RAINEY, C. J. Appellant sued appellee in the district court of Dallas county. The petition was filed May 2, 1919. On the 6th day of May, 1919, the appellee filed his plea of privilege to be sued in Kaufman county, the county of his residence. The appellant, for many reasons, objected to being put to trial on the plea of privilege, which was overruled, after which appellant filed a general demurrer to said plea of privilege, which was overruled, and, appellant not filing a controverting affidavit to said plea, the court rendered judgment on the said pleadings, and transferred said cause to Kaufman county, to which appellant excepted, and appealed the cause to this court.

The appellee's plea of privilege, omitting formalities, reads:

"That this court ought not to have or take further action or cognizance of this suit than to have the same transferred to the court having jurisdiction of the person of this defendant, because he says that he is not now, and was not at the institution of this suit, nor at the time of the service of such process on him herein, nor at the time of filing this plea, a resident of the county of Dallas, the county in which this suit was instituted and is now pending, but is now, and was at the time of the institution of this suit, and at the time of the service of process on him, and of the execution and filing of this plea, a resident of the county of Kaufman, state of Texas, where he then and now resides, and that none of the exceptions to exclusive venue in the county of one's residence mentioned in articles Nos. 1830 and 2308 exists in this cause; that this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in the county of Dallas, state of Texas, or elsewhere outside of the said county of Kaufman, state of Texas."

This plea complies strictly with the law amending article 1903 (Acts 35th Leg. [1917] c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), and which amendment provides that when properly filed it shall be prima facie proof of the defendant's right to change of venue, and said amendment provides further that a hearing shall not be had until a copy of such controverting affidavit, if any is made, etc., shall have been served on each, or his attorney, for at least 10 full days after the day of service and day of hearing.

[1] Appellant assigns as error that on the 6th day of May, 1919, he objected to the action of the court in hearing said plea of privilege of defendant, and forcing plaintiff to trial at that time, and rendering judgment on said plea. At that time plaintiff had presented a demurrer, which was overruled. The court inquired of plaintiff's counsel whether plaintiff was ready to take up defendant's plea of privilege, and, receiving a negative answer, the court announced that he would proceed to hear same unless plaintiff requested time to file a controverting affidavit, and the plaintiff then and there objected to the court hearing or proceeding with the hearing and requiring an answer to said plea at that time. The court ruled that plaintiff should make answer to the plea of privilege then, if it desired to, or make answer or show other causes than as stated in the foregoing objections why the hearing on the plea of privilege should be delayed or deferred, and the plaintiff refused to comply with the court's request, therefore the court proceeded to pass upon the said plea. The plaintiff, not filing a controverting affidavit or requesting time for so doing as required by the act as provided, waived the same, and no injury was done to plaintiff by not deferring the case until the September term.

The case of Harris v. Melcher, 142 S. W. 100, is illustrative on this point and is cited in support of our views herein. In Garza v. Cotton, 120 S. W. 212, it was held that appellant "was not called upon to meet but one issue, and that was the one as to venue, and until that was decided it was not incumbent upon him to traverse the allegations of the petition." So no good purpose could be gained by further proceedings in the cause, unless some reason was shown why it should have been prolonged.

[2] Appellant objects to said plea of privilege, because it did not negative the possible exceptions to exclusive venue in the county of one's residence, and did not state that none of the exceptions to exclusive venue in the county of one's residence mentioned in articles 1830 and 2308 of the Revised Statutes exist. We have heretofore shown that the plea complied with the law, and this assignment is overruled.

The judgment is affirmed.