### AUDS CREEK OIL CO. et al. v. BROOKS SUPPLY CO.   (No. 563.)

(Court of Civil Appeals of Texas. Beaumont. March 26, 1920. Rehearing Denied April 14, 1920.)

**1. Pleading ⬤�longdash337 — Defendant, duly cited, must take notice of demurrer to a plea of privilege.**

Defendant, duly cited, must take notice to the filing of demurrer to its plea of privilege just as of any other pleading.

**2. Pleading ⬤�longdash110—By failure to call court's attention to plea of privilege demurred to defendant waives plea.**

As a defendant who pleads privilege to be sued in other county must comply with Rev. St. 1911, art. 1903, as amended by Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), the failure of such defendant, when demurrer to the plea is filed, to call the same to the attention of the trial court warrants the court in treating the plea as waived.

**3. Appeal and error ⬤�longdash912—Where defendant failed to call court's attention to its plea of privilege, it will be presumed that there was other evidence of waiver.**

In view of the requirement of rule 24 for district and county courts (142 S. W. xix) that pleas of privilege shall be disposed of before the main issue on the merits, it will be presumed in the appellate court, where there was nothing in the record to show the contrary, that there was other evidence, besides failure of defendant to call attention to its plea of privilege, to support a finding that the same had been waived.

**4. Pleading ⬤�longdash110 — Failure to call plea of privilege to attention of court during term it was filed held waiver.**

Under Rev. St. 1911, art. 1910, and in view of rule 24, for district and county courts (142 S. W. xix), relating to the disposition of dilatory pleas, the failure of defendant to call to the attention of the trial court its plea of privilege at the term at which it was filed is a waiver thereof, notwithstanding the amend-

ment of article 1903, relating to such pleas by Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

Error from Jefferson County Court; D. P. Wheat, Judge.

Action by the Brooks Supply Company against the Auds Creek Oil Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Jno. B. Daily, of Beaumont, and Moore & Hardison, of Paris, for plaintiffs in error.

H. M. Whitaker, of Beaumont, for defendant in error.

WALKER, J. This suit was brought in the county court of Jefferson county, Tex., at law, by defendant in error, plaintiff below, and hereinafter referred to as plaintiff against the plaintiffs in error, defendants below, and hereinafter referred to as defendants, Auds Creek Oil Company and First State Bank of Paris, private corporations created by and under the laws of the state of Texas, with their domiciles and places of business in Lamar county, Tex., for damages alleged to have been occasioned by the breach of a contract and sale of certain oil well supplies. On the allegations in plaintiff's petition, the venue was properly laid in Jefferson county. Defendants being cited to answer at the April term of court, which convened on the 7th day of April, 1919, on the 5th day of April each filed in said court its respective plea of privilege, claiming the right to be sued in Lamar county, Tex. On the 25th day of April, the plaintiff filed exceptions to said plea. During the April term, the pleas of privilege were not called to the attention of the court for any purpose. The case was tried on the 6th day of May, during the May term, which convened on the 5th day of May, and adjourned on the 31st day of May. Judgment was entered for plaintiff against defendants for the relief prayed for, and the plea of privilege was thus disposed of.

"On this the 6th day of May, 1919, came on to be heard the above numbered and entitled cause, the defendants having been duly cited herein, and it appearing to the court that at a former term of this court the defendants, Auds Creek Oil Company and First State Bank of Paris, Tex., had filed their pleas of privilege to the venue of this cause, to which the plaintiff had interposed its demurrers because the said pleas were wholly insufficient, and it further appearing that said pleas of privilege were not called to the attention of the court at said former term, it is therefore found that said pleas of privilege were waived, and it is therefore ordered and adjudged that the same be dismissed and held for naught, and thereupon, the case coming on to be further heard, and the defendants having filed no answer herein contesting plaintiff's right of recovery, and saying nothing why plaintiff should not recover judgment as prayed for, the court having heard the evidence," etc.

Defendants filed no motion for new trial, nor have they filed in this court any statement of facts. On the 2d day of August, the defendants filed two assignments of error in the trial court, complaining of the finding that the pleas of privilege were waived. These assignments are brought forward in the briefs of plaintiffs in error, and are submitted as propositions. In our opinion the judgment of the trial court should be sustained for the following reasons, to wit:

[1, 2] First. In order to constitute a plea of privilege "prima facie proof of the defendant's right to change of venue," it must comply with article 1903, as amended by the Thirty-Fifth Legislature, Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903). If such plea is not sufficient, then it is subject to demurrer, and plaintiff is not required to file a controverting affidavit. In this case plaintiff filed such demurrer. There is no provision of the statute requiring notice to be given of demurrers. The defendant must take due notice of the filing of such a plea as of other pleas in due order of pleading after service of citation. When the case was called for trial, the defendants did not appear. As we construe the decisions of our Supreme Court, this default on the part of the defendants will sustain the court in holding that they had waived their pleas of privilege.

In London Assurance Corporation v. Lee, 66 Tex. 247, 18 S. W. 508, Chief Justice Willie said:

"There is nothing in the record to show that the defendant called its pleadings to the attention of the court, or insisted upon their consideration, or asked that the judgment be set aside at the term during which it was rendered. It was presumptively in court after it had answered, and its duty was to look after its interests in the cause. It neither objected to the interlocutory judgment by default, nor appeared to look after the case when before the court upon writ of inquiry. This court has frequently held that, under such circumstances, it will presume that the defendant waived an answer, and the judgment will not be disturbed. Pierson v. Burney, 15 Tex. 272; McKellar v. Lampkin, 22 Tex. 244; Beal v. Alexander, 6 Tex. 541; Callison v. Autrey, 4 Tex. 371; Hopkins v. Donaho, 4 Tex. 336."

[3] Second. The trial court, in its decree, made a specific finding that the pleas of privilege had been waived. There is nothing in this finding requiring us to hold that the waiver of the pleas is based solely and alone on the failure to present it at the preceding term of court. Rule No. 24 for district and county courts provides that pleas of privilege "shall be first called and disposed of before the main issue on the merits is tried." As a finding of waiver is a finding of fact, and as

the court is required to "dispose" of such a plea, we must presume, in the absence of a showing to the contrary, that the court heard testimony sufficient to sustain this finding.

"It is presumed that the doings of a court of record are regular and proper, that its jurisdiction was properly acquired, that its proceedings are legal and valid, and that its decisions are well founded and free from error. There is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, until the contrary appears. This rule applies as well to every judgment or decree rendered in the various stages of their proceedings, from the initiation to their completion, as to their adjudication that the plaintiff has a right of action. Every matter adjudicated becomes a part of their record, which thenceforth proves itself, without referring to the evidence on which it has been adjudged.' Hence, jurisdiction having been once acquired over the parties and the subject-matter, every presumption is in favor of the legality of the judgment." Black on Judgments, vol. 1 (2d Ed.) § 270.

[4] Third. Apart from the reasons above given, it is our judgment that appellants waived their pleas of privilege by not calling them to the attention of the trial court during the April term; that is, "during the term of court at which they are filed."

Article 1910, Revised Civil Statutes, provides:

"Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit."

Rule No. 24, for district and county courts (142 S. W. xix) provides:

"All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of the parties, with the consent of the court, and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."

It has been held by our Supreme Court that pleas of privilege are governed by this article and this rule.

In Blum v. Strong, 71 Tex. 322, 6 S. W. 167, it was stated that—

"If the plea had been passed over during the term without action, it should be considered as waived."

In Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224, Judge Denman speaking for the court, said:

"We think * * * that the law imposes upon the party relying upon such a plea [plea of

221 S.W.—21

privilege] the duty of demanding the action of the court thereon at the time the statutes and rule above quoted require it to act in the particular case, and that his failure to do so is a waiver thereof."

In Lyon Bros. v. Corley, 135 S. W. 603, the court said:

"The mere sending of a plea of privilege to the justice of the peace did not justify the appellee in paying no further attention to the suit."

Of course, these decisions were rendered before the Thirty-Fifth Legislature amended article 1903, R. S. 1911, but is there anything in this amendment (Acts 35th Leg. p. 388), evidencing an intention on the part of the Legislature to exempt pleas of privilege from the provisions of article 1910? We do not think so. This amendment provides that—

"Such plea of privilege, when filed, shall be prima facie proof of defendant's right to change the venue."

It further sets forth what the plaintiff must do if he desires to contest the plea. But there is no provision in this amendment requiring the court, on his own motion, to examine the papers on file or have the clerk to do so to ascertain if a plea of privilege has been filed. If he does not do this in each instance, how should it be called to his attention? Should he overlook the plea, in what way is the defendant to reserve his exception? This amendment does nothing more than make the plea of privilege "prima facie proof of defendant's right to change the venue." The duty rests on the defendant to present his proof to the court. To hold otherwise seems to us, not only to ignore article 1910 and rule 24, but also all the provisions of trial procedure regulating the manner in which exceptions shall be reserved to the ruling of the court on the issues involved in the trial of a case.

Appellants have cited in their brief Murphy v. Dabney, 208 S. W. 981, an opinion by this court. The issues before us in that case received our most careful consideration, and we believe we were right in the conclusions reached; but the issue of waiver by failure to call the plea to the attention of the court during the term at which it was filed was not involved in that decision. In reaching our conclusions, we are not unmindful of what has been said by other Courts of Civil Appeals, and have given their well-reasoned opinions our most careful consideration.

Believing that the trial court correctly disposed of appellants' pleas of privilege, this case is in all things affirmed.