## McCASKEY v. McCALL. (No. 1141.)

(Court of Civil Appeals of Texas. El Paso.
Dec. 9, 1920.)

**1. Appeal and error ⬤➾933(1)—New trial ⬤➾ 6—Grant of new trial largely within discretion of court, and all presumptions in its favor.**

The granting of an order setting aside a judgment and granting a new trial is largely within the discretion of the trial court, and every presumption must be indulged in favor of the ruling on the motion.

**2. New trial, ⬤➾124(1)—Showing necessary to obtain new trial stated.**

One seeking to have a judgment set aside and a new trial granted must distinctly show, not only that he was prevented from presenting his defense at the proper time by some cause unmixed with negligence on his part, but that he has a good defense to the action brought against him, and his defense must be made to appear with such particularity that the court may know of what it consists.

**3. Appeal and error ⬤➾301—Ground of error not embodied in motion for new trial not considered unless fundamental.**

Where a ground of error in an assignment of error was not embodied in the motion for new trial, it cannot be considered on appeal unless the error is fundamental.

**4. Mines and minerals ⬤➾58—Consideration for mining lease held sufficient.**

A mineral lease, the consideration of which was recited to be $1 and an obligation on lessee's part to begin and prosecute the work of putting down wells in the same block in which lessor's lands were situated and on lands in the vicinity within a certain time, such stipulations not having been inserted through fraud, accident, or mistake, held supported by a sufficient consideration, regardless of whether the $1 was in fact paid or not; the obligations as to prosecution of work being mutual, and not unilateral.

**5. Contracts ⬤➾56—Mutual promise is sufficient consideration if concurrent in time.**

A mutual promise amounts to a sufficient consideration if concurrent in point of time.

**6. Judgment ⬤➾250—Judgment canceling mining lease on grounds not pleaded, though supported by evidence, cannot be sustained.**

A judgment, canceling a mineral lease based on grounds not pleaded, although supported by evidence, cannot be sustained.

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

Suit by C. G. McCall against J. G. McCaskey. Judgment for plaintiff, defendant's motion to set aside the judgment and to grant a new trial was denied, and defendant appeals. Reversed and remanded.

Scott, Brelsford & Smith, of Eastland, for appellant.

B. Frank Haag, of Midland, for appellee.

WALTHALL, J. This suit was brought by appellee, C. G. McCall, against appellant, J. G. McCaskey, to forfeit a mineral lease covering sections 1 and 2 in block 38, township 3 south, and sections 31 and 32, block 38, township 2 south, in Midland county. The lease was executed June 25, 1918, by McCall as lessor, to McCaskey, as lessee. The lease recites a consideration of "one dollar, cash in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the lessee to be paid, kept and performed;" it grants and leases the four sections of land "for the sole purpose of prospecting, drilling, mining and otherwise operating for oil, gas, and other minerals of every kind," laying pipe lines, etc. It provides that the lease shall remain in force for a term of five years from its date, and as long thereafter as oil, gas, or other minerals are produced from the land by the lessees. Then follow certain numbered paragraphs, reciting covenants and agreements to be performed by the parties. The terms of the lease between the parties in this case are the same as in the case of McCaskey v. Schrock, 225 S. W. 418, decided by this court on the 18th of November, 1920, and we refer to that case for a full statement of the terms of the lease. Appellee's original petition was filed on the 3d day of March, 1919. The appellant was cited and filed answer January 31, 1920. Appellee filed his first amended original petition February 3, 1920; it being the first day of the February term. The cause was called for trial in the order in which it stood on the trial docket, February 7, 1920. Appellee appeared and announced ready for trial. The appellant failing to appear, the trial was proceeded with to final judgment in appellant's absence. Appellee alleged as grounds for forfeiture of the lease: First, the lease was without consideration, in that the consideration of $1, recited therein as having been paid, was not paid; second, that the lease was an option terminable at the will of the lessee, and for that reason not binding on the lessor; third, that the lease was lacking in mutuality and was a mere option; alleged that he gave appellant notice of his intention to forfeit the lease by the filing of this suit, and having his lis pendens notice recorded at that time; alleged that, the lease being of record, the same was a cloud on his title, and prayed that it be canceled and annulled. Appellant answered to the original petition by general demurrer and general denial. The court heard evidence, and, without passing upon the general demurrer, rendered judgment in favor of appellee and against appellant for all the rights, title, and interest appellant had in the land by reason of said lease, and that said lease be in all things canceled, and held of no force or ef-

fect and for costs. The court overruled appellant's motion to set aside the judgment and to grant a new trial; appellant excepted and prosecutes this appeal.

The court filed findings of fact and conclusions of law substantially as follows:

First. Appellee is the owner of the land embraced in the lease, and on the day stated entered into the lease contract with appellant. The court finds and states paragraph eighth, in the lease contract, in which the primary object of the agreement between the parties is stated to be to aggregate a large body of land in the same vicinity of sufficient acreage to permit development and prospecting for the production of oil, gas, and other minerals, and that the contract is one of a number of similar contracts executed by the several owners of land in said vicinity with lessees, and that the consideration moving to each lessor is the general development of the section embraced within the scope of these leases; and the benefit which each lessor will derive from the exploration and prospecting of said land in said vicinity for oil, gas, and other minerals. And as a further and additional consideration moving to each of the several lessors, including the lessor in this contract, is the agreement and contract on the part of the said lessee within one year to begin drilling and to prosecute with all reasonable diligence a well within the area of the block of land hereinbefore mentioned, testing the said block of land for oil, gas, and other minerals. It is further especially understood and agreed that a failure on the part of lessees to commence said well within said time above stated shall operate as a forfeiture of this lease contract and all rights thereunder, and the lessees bind and obligate themselves at their own expense to execute and deliver to the several lessors good and sufficient releases and acquittances to said land, in the event of said forfeiture.

Second. The $1 cash consideration in said lease contract was never paid by the lessee to the lessor.

Third. "The lessor [evidently meaning the lessee] has never commenced drilling a well upon the lands of the plaintiff covered by said lease contract, and has made no payments to the plaintiff in money or other thing of value that can be considered as a consideration."

Fourth. That McCaskey has begun and is now in process of drilling a well for the purpose of developing oil upon a tract of land situated about seven miles distant from the plaintiff's lands, said well being commonly known as the Bryant well, the drilling of which said well was started about June 25, 1919.

Fifth. If oil is developed at said Bryant well, the value of plaintiff's said lands for

mineral purposes will be materially advanced.

Sixth. Plaintiff's original petition was filed on March 3, 1919, some time prior to the date that any operations for the development of oil in Midland county, or upon any lands that could be considered in the vicinity of the lands in question were begun.

The court concluded as matter of law:

First. That paragraph 8, in the lease contract, is void for uncertainty in that the terms "vicinity" and "area of the block" are not specifically defined by the contract, and that plaintiff could not, for that reason maintain a suit against defendant for specific performance of paragraph No. 8.

Second. That since said paragraph 8, is void for uncertainty the contract in question is but an option granted by plaintiff to defendant to prospect for oil on the lands of plaintiff.

Third. That plaintiff having declared his intention to withdraw said option prior to the date that operations for oil were begun on plaintiff's lands, and prior to the date of the commencement of any well, situated near enough to the plaintiff's lands to materially enhance the value thereof for mineral purposes, defendant is not entitled to further claim any rights or interest in and by virtue of said contract, and that same casts a cloud upon plaintiff's title.

The first assignment insists that it was error to overrule his motion for a new trial. The evidence is quite lengthy, but is to the effect and well sustains the following: That appellant's counsel, for several weeks immediately preceding the term at which the case was tried, had been ill in a distant state, and on that account it was impossible for said counsel to be present at the time of the trial of the cause, or to procure other counsel to try the same; that on account of his illness his counsel had sought and procured what he thought, and what the circumstances warranted him in thinking, was an agreement that the trial should be postponed to the following week of the term. It might be said here in justice to counsel for appellee that the agreement referred to was not with counsel for appellee, but was with counsel for plaintiffs, in a number of other similar causes and against appellant; but which counsel for appellant, by mistake, thought included this suit.

[1, 2] The trial court does not indicate in his order, overruling the motion for a new trial, the ground upon which the order was made, nor does the ground upon which the order was made appear elsewhere in the record. The granting of an order setting aside a judgment and granting a new trial is largely within the discretion of the trial court, and every presumption must be indulged in favor of the ruling on the motion.

To be subject to revision it must appear that the ruling is manifestly wrong. Waiving the question as to the sufficiency of the petition to state a cause of action, and passing solely upon the motion to set aside the judgment and grant a new trial on the grounds stated in the motion, the rule is clearly established that one seeking the relief prayed for must distinctly show, not only that he was prevented from presenting his defense at the proper time by some cause unmixed with negligence on his part, but that he has a good defense to the action brought against him, and his defense must be made to appear. It is not sufficient to say appellant has a complete defense to the action, as stated in this motion, but the defense must be set out with such particularity that the court may know of what it consists. The facts relied upon as distinguished from the conclusions of the pleader that he has a defense must be stated in the motion. Wheat v. Ward County Improvement District No. 2, 217 S. W. 713; El Paso & S. W. Ry. Co. v. Kelly, 83 S. W. 855. This the motion does not do. The assignment is overruled.

[3] The ground of error contained in the second assignment was not embodied in the motion for a new trial, and cannot be considered unless the error is fundamental.

It will be noted that the ground upon which the forfeiture is sought is that the lease was without consideration, the $1 recited as paid not having been paid; that the lease was an option terminable at the will of the lessor; that the lease was lacking in mutuality and is unilateral. Those are the only issues tendered, having controlling effect upon the disposition to be made here of the case.

In the McCaskey v. Schrock Case, supra, under this same form of contract, and in which it was found that the $1 cash consideration recited to have been paid was, in fact, not paid, and in which it was insisted, as here, that the lease contract was unilateral unsupported by an independent consideration, and therefore terminable at the will of the lessors, this court did not agree to that contention, in view of the eighth paragraph to the contract recited by the court in the first finding of fact in this case.

[4] In our judgment, as expressed in the case above referred to, it is immaterial whether the $1 was in fact paid to the lessor, in view of the provisions of the eighth paragraph of the contract reciting what the real considerations were which induced the entering into this and the other similar contracts referred to in that paragraph. In the absence of any suggestion in pleading or proof that the stipulations recited in the eighth paragraph of the lease contract were inserted through fraud, accident, or mistake, we think it cannot be held that said stipulations were not parts of the considerations of the lease. Leath et ux. v. Humble Oil & Refining Co., 223 S. W. 1022.

[5] The covenants to be performed by the appellant, as expressed in the eighth paragraph of the lease, obligate appellant on his part to begin and prosecute the work of putting down wells in the same block in which appellee's lands are situated, and on lands in the vicinity in which appellee's and other lands mentioned in the contract are situated, and make the obligations mutual and not unilateral. Should the obligations on the part of the lessee in beginning the work, or in prosecuting the work as provided, be not done as agreed, the question would become one of forfeiture of a conditional grant, rather than the validity of an optional contract. Price v. Biggs, 217 S. W. 236. It has always been the rule in this state that a mutual promise amounts to a sufficient consideration if concurrent in point of time. James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743.

We have reached the conclusion that the judgment rendered cannot be sustained by the issues submitted in appellee's first amended original petition, and for that reason the case must be reversed.

[6] Appellant presents a number of other assignments, suggesting error in the rendition of the judgment canceling the lease. The trial court made some findings of fact and conclusions of law on issues not presented in the pleading. In the third finding the court found that the "lessor" (evidently meaning the lessee) had never commenced drilling a well upon the lands of the plaintiff covered by the lease. Plaintiff nowhere alleges a breach of the contract. The fourth, fifth, and sixth findings are also on a fact not pleaded. The first conclusion of law that the contract is void for uncertainty is not made a ground in the petition for canceling the lease. A judgment canceling the lease, based on grounds not pleaded, although supported by evidence, cannot be sustained.

We think we need not discuss each several assignment complaining of the rendition of the judgment on issues not found in the pleading.

For reasons given in discussing fundamental error in rendering the judgment, the case is reversed and remanded.