CRAIG, Sheriff, et al. v. PITTMAN & HARRISON CO.    (No. 8578.)

(Court of Civil Appeals of Texas. Dallas. Oct. 29, 1921. Rehearing Denied Nov. 26, 1921.)

1. Pleading ⚖⇒111—Court should sustain plea for change where not contested, waived, or abandoned.

The effect of filing a plea of privilege is to make prima facie proof of defendant's right for transfer, and no contest having been filed, and the defendant neither having waived nor abandoned the plea, the court should sustain it.

2. Pleading ⚖⇒111—Where the only possible valid order must be one changing the venue, a judgment on the merits is void.

The effect of filing a plea of privilege is to make prima facie proof of defendant's right for transfer of case and precludes any other proceedings until its disposal in the statutory manner, and, where not contested, waived, or abandoned, the only valid order would have been one for transfer, so that the judgment rendered on the merits is void.

3. Justices of the peace ⚖⇒135(4)—Void judgment of justice of the peace may be restrained.

Where a justice court judgment was void because beyond the power of the justice, whose only valid order could have been one changing the venue, in view of Vernon's Ann. Civ. St. Supp. 1918, art. 1903, the enforcement of such judgment can be restrained by injunction.

4. Justices of the peace ⚖⇒135(4)—Foreign corporation against whom injunction could not be granted and who could not be served held not a necessary party.

In a suit to enjoin the enforcement of a void judgment of a justice of the peace, the judgment creditor in such justice's judgment is not a necessary party where such creditor is a foreign corporation upon whom service could not be obtained and against whom an injunction could not have issued, since it would be futile.

5. Justices of the peace ⚖⇒135(4)—In suit to enjoin a void judgment plaintiff need not allege or prove meritorious defense.

In a suit to enjoin the enforcement of a void judgment of a justice of the peace, plaintiff was not required to allege or prove a meritorious defense to the judgment.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by the Pittman & Harrison Company against W. B. Craig, Sheriff of Grayson County, Tex., and another. Judgment for plaintiff, and the defendants appeal. Affirmed.

McReynolds & Hay, of Sherman, and Leake & Henry, of Dallas, for appellants.
Harney & Shaw, of Sherman, for appellee.

HAMILTON, J. This was an action for injunction instituted by appellee against appellants in the trial court. From a judgment for appellee appellants have appealed.

The case is submitted upon the following agreed statement of facts:

"(1) The Pittman & Harrison Company, plaintiff herein, is a corporation, incorporated under the laws of the state of Texas, and has its principal office and place of business in the city of Sherman, Grayson county, Tex., and is a mercantile corporation engaged principally in the wholesale grain business. The defendant W. B. Craig is sheriff of Grayson county, Tex., and the defendant S. J. Barnett is a duly elected, qualified, and acting justice of the peace of precinct No. 1 of Dallas county, Tex., and resides in said county.

"(2) That on the —— day of December, 1918, the St. Louis, Iron Mountain & Southern Railway Company, a corporation, instituted suit before S. J. Barnett, as justice of peace, against Pittman & Harrison Company to recover certain items of undercharge on shipments of grain made by Pittman & Harrison Company en route over the line of the St. Louis, Iron Mountain & Southern Railway Company, the amount sued for aggregating $169.30. Citation served in said suit was returnable to the January term, 1919, of said justice court of precinct No. 1, Dallas county, Tex.

"(3) Prior to the return day in said suit the defendant Pittman & Harrison Company filed a plea of privilege duly verified in statutory form pleading its privilege to be sued in justice court of precinct No. 1, Grayson county, Tex., the precinct and county in which said Pittman & Harrison Company had its domicile. No controverting affidavit was ever filed in said suit by the St. Louis, Iron Mountain & Southern Railway Company, plaintiff therein. No action was ever taken on said plea of privilege by said S. J. Barnett, justice of peace of precinct No. 1 of Dallas county, Tex., and no order was entered by him in said suit either overruling or sustaining said plea of privilege at the January term, 1919, or any time thereafter.

"(4) After the expiration of the January term, 1919, of said justice court and at a regular court day of the February term of said justice court, judgment was rendered in said suit in favor of the plaintiff, the St. Louis, Iron Mountain & Southern Railway Company, against the defendant therein, Pittman & Harrison Company, for the sum of $169.30, together with costs of suit and interest thereon at 6 per cent. per annum from date of judgment. Said judgment has never been appealed from, modified, or set aside.

"(5) Execution was duly issued on said judgment directed to the sheriff or any constable of Dallas county, Tex., within one year after the rendition of same. Said execution was returned by constable of precinct No. 1, Dallas county, Tex., unsatisfied, no property of the defendant, Pittman & Harrison Company, being found in Dallas county subject to execution.

"(6) After the return of said execution, and on the 18th day of February, 1920, an alias ex-

(234 S.W.)

ecution was issued on said judgment directed to the sheriff or any constable of Grayson county, Tex., commanding said officer to make the amount of said judgment out of the goods and chattels of the defendant Pittman & Harrison Company. That said officer was proceeding to levy said execution upon the property of Pittman & Harrison Company when restrained by the writ of injunction issued out of the district court of Grayson county, Tex., on February 21, 1920, as set out in original petition filed herein by Pittman & Harrison Company against W. B. Craig and S. J. Barnett, defendants.

"(7) The plaintiff in the original suit, the St. Louis, Iron Mountain & Southern Railway Company, has not been made a party to the injunction proceeding, the parties thereto being W. B. Craig in his capacity as sheriff of Grayson county, and S. J. Barnett in his capacity as justice of peace of precinct No. 1, Dallas county, Tex. Said railway company is a foreign corporation, and has no agent representing it in the state of Texas."

By their first and second assignments of error the appellants say that the permanent injunction was erroneously granted: First, because the judgment of the justice of the peace under which execution was issued was not void, but, at most, merely voidable and subject to be set aside only upon appeal or certiorari therefrom; and, secondly, that the judgment was a binding one because the defendant in that case (appellee in the instant case) forfeited whatever rights it may have had under its plea of privilege by its failure to call the justice of the peace's attention to the plea of privilege at the term of court at which it was filed.

[1, 2] That the judgment was absolutely void is not doubtful to us. The effect of filing the plea of privilege was to make prima facie proof of defendant's right to have the case transferred. The filing of the plea operated to preclude any other proceedings until after it had been disposed of in the manner provided by the statute. No contest having been filed by the adverse party, and the defendant neither having waived nor abandoned the plea, it was the duty of the court to sustain it. The only valid order which could have been entered would have been that transferring the case. All further proceedings were beyond the power of the court in the absence of a contest and notice thereof to defendant according to statutory requirement. Brooks v. Wichita Mill & Elevator Co., 211 S. W. 289; Bennett v. Rose Mfg. Co., 226 S. W. 143; Girvin v. Gulf Refining Co., 211. S. W. 331; Rice Co. v. Broussard, 223 S. W. 323; Watson v. Watson, 223 S. W. 699; Petroleum Co. v. Britton, 230 S. W. 743.

The view hereinabove expressed is supported by the decisions of this court, and, so far as we are able to ascertain, it conforms to the views of all other Courts of Civil Appeals which have treated the question in any form, except the Beaumont court.

[3] It is contrary to the holding of the Beaumont Court of Civil Appeals in the case of Auds Creek Oil Co. v. Brooks Supply Co., 221 S. W. 319. The first-mentioned decisions give effect, we think, to the manifest legislative intent expressed in article 1903, Rev. Civ. Stats., as amended in 1917, while the other ignores such legislative intent and misapprehends the purpose clearly sought to be attained by the enactment.

The judgment of the justice of the peace being void, then, under well-settled authority, its enforcement could be restrained by enjoining execution. Heath v. Layne, 62 Tex. 686.

[4] The third assignment of error advances the proposition that the injunction was erroneously granted against the sheriff and justice of the peace, because the plaintiff in execution was not made a party to the injunction suit, and that, since it alone had an interest in the subject-matter of the controversy, it was a necessary party.

It is made to appear that St. Louis, Iron Mountain & Southern Railway Company is a foreign corporation which has neither an agent nor an office in Texas. An injunction proceeding is strictly in personam. It cannot operate against a defendant beyond the jurisdiction and reach of the court. No effectual or valid service upon the railway company could have been obtained. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. No judgment could have affected it. It is true, as contended by appellants, that it was the only party adversely interested in the justice of the peace's court judgment, and, had it been within the jurisdiction of the court, then it doubtless would have been a necessary party to this action. But, since it was beyond the reach of the equity power of the court, as we understand the rule, an injunction could not have issued against it in any event. 22 Cyc. 785. Making it a party, therefore, would have been a futile act. So, if appellants' contention should be sustained, then appellee would be without a remedy against the wrongful acts of appellants about to be performed in the exclusive interest of, and at the sole instance, of the railroad company. But equity "regards substance rather than form," and "will not suffer a right without a remedy." It would therefore be unsound and inequitable to deny the relief on the ground that the wrong was being committed by persons who were obtaining no benefit from it and who were acting for a party upon whom no valid service could be had, and against whom no injunction could issue. We accordingly overrule the third assignment of error.

[5] The agreed statement upon which the case is presented disclosing, as it does, that the judgment of the justice of the peace was

void, we think appellee was not required to allege or prove in the instant case that it had a meritorious defense to the judgment of the justice of the peace. The fourth assignment of error is therefore overruled.

The foregoing disposes of all issues the appeal presents.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes