## CLEVELAND v. SPENCER . (No. 6633.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1921. Rehearing Denied Dec. 14, 1921.)

**I. Pleading ⬥111—Defendant held entitled to change on his verified pleadings; his right not having been waived.**

Where a plea of privilege was filed March 24, and the April term began April 4, and on April 8 plaintiff moved to strike defendant's plea of privilege, the plea was not waived by failure to call it for action at the February term, and the defendant, having been cited to appear at the April term, did not waive any right by failing to demand action on his plea until the April term, and no controverting affidavit, as required by Rev. St. art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. 1918, art. 1903), being filed, defendant was entitled to change of venue on his verified plea.

**2. Continuance ⬥3—Trial ⬥5—Appearance case for April term needs no continuance from the February term.**

An appearance case for the April term of the district court cannot be heard until that term, and requires no continuance from the February term.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by C. D. Cleveland against A. D. Spencer, in which a plea of privilege was filed. The plea was allowed, and plaintiff appeals. Judgment affirmed.

Will Glover, of San Antonio, for appellant. Terrell, Davis, Huff & McMillan, of San Antonio, for appellee.

FLY, C. J. Appellant instituted this suit against appellee, alleging that appellee was a resident of El Paso county, Tex., and owed him $2,500 commission on an oil-drilling promotion. There is no pretense that the debt was evidenced by any instrument in writing which made it payable in Bexar county. The allegations show that appellee lives in El Paso county, and the oil land is situated in Orange county, Tex. It is plain that the petition on its face shows that the venue is not in Bexar county. Appellee filed the statutory plea of privilege, and the plea was sustained, and the cause transferred to El Paso county. No plea was filed by appellant, controverting the plea of privilege, as is required by Rev. St. art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. 1918, art. 1903), which provides for the filing by the plaintiff of a controverting affidavit if he desires to controvert it. If he fails to do this, the plea of privilege is prima facie proof that the venue should be changed.

[1] All of these matters are admitted by appellant, but he contends that appellee had

waived his plea by not calling the attention of the court to the plea at the February term of the Fifty-Seventh district court of Bexar county. The cause was filed after the February term had begun, and appellee was cited to appear at the April term. Appellee filed his plea of privilege on March 24, 1921, and the April term began on April 4, 1921, and on April 8 appellant moved to strike out the plea of privilege, on the ground that it had not been called to the attention of the court, nor any order made in connection with it, during the February term of the court, and that it was thereby waived. The motion to strike out was overruled, and the plea of privilege sustained. In the judgment of the court it is recited that said plea of privilege was "duly called to the attention of the court before the calling of the appearance docket for the April term, A. D. 1921." The plea of privilege was not waived by a failure to call it up for action at the February term of the court. Appellee was cited to appear at the April term, and did not waive any right by failing to demand action on his plea until the April term. No controverting affidavit was filed, and appellee was entitled to a change of venue on his verified plea of privilege. Brooks v. Elevator Co., 211 S. W. 288; Girvin v. Gulf Refining Co., 211 S. W. 330; Bennett v. Rose Mfg. Co., 226 S. W. 143; Coca-Cola Co. v. Collins, 218 S. W. 1087.

[2] There was no continuance of this cause at the February term of the district court, because that term had nothing to do with it, as it was an appearance case at the April term, and the cause could not be heard until that term. The April term was the first term after the suit was filed.

The judgment is affirmed.