## GALEWSKY v. W. R. KYSER & CO.*
(No. 9971.)

(Court of Civil Appeals of Texas. Fort Worth. April 22, 1922. Rehearing Denied May 22, 1922.)

1. Pleading ⬤⟫111 — Burden on plaintiff to overcome prima facie proof furnished by plea of privilege.

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, the burden is on plaintiffs to overcome the prima facie proof furnished by a plea of privilege in compliance with the statute, and in the absence of a controverting affidavit and proof to sustain, no other action can be taken by the trial court except to sustain the plea and order the case transferred to the proper county.

2. Pleading ⬤⟫111—Defendant not required to present plea of privilege at July term, where appearance day was to October term.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1910, providing that pleas to jurisdiction, in abatement, etc., not involving the merits of a case shall be determined during the term at which filed, if the business of the court will permit, and court rule No. 24 (142 S. W. xix), providing that dilatory pleas shall be tried at the first term in which the court's attention shall be called to them, are liberally interpreted, and where the appearance day of a suit instituted September 8th was to the October term, which convened October 4th, if defendant was not required to file his plea of privilege before appearance day of the return term, he was not required to present his plea to the court prior to the beginning of that term.

3. Pleading ⬤⟫111—Letter to judge calling attention to fact that no controverting affidavit had been filed to plea of privilege literal compliance with the statute.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1910, providing that pleas to the jurisdiction, etc., shall be determined at the term in which filed, and court rule 24 (142 S. W. xix), providing that dilatory pleas which do not go to the merits shall be tried at the first term at which the attention of the court shall be called to them, where defendant addressed a letter to the trial judge during the October term calling his attention to a plea of privilege, stating that it had not been controverted, and asking that the plea be sustained and the case transferred, enclosing draft of an order to that effect ready for the judge's signature, it was a literal compliance with the requirement that the court's attention be called to the plea.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by W. R. Kyser & Co. against H. Galewsky. From an order overruling plea of privilege, defendant appeals. Reversed, rendered, and certified to trial court, with instructions.

Frank P. Culver, Jr., of Fort Worth, Maurice Hirsch and Allen Hannay, both of Houston, for appellant.

McCart, Curtis & McCart, of Fort Worth, for appellee.

DUNKLIN, J. H. Galewsky, a resident of Waller county, was sued by W. R. Kyser & Co. in the district court of Tarrant county for damages alleged to have resulted to the plaintiffs in consequence of the breach of defendant's contract with them. Galewsky filed his plea of privilege to be sued in the county of his residence. That plea was overruled, and this appeal is from that order.

The defendant's plea was in statutory form and duly verified. The suit was instituted September 8, 1920, during the July term of court. The case was an appearance case to the October term, which convened on October 4, 1920. On September 22, 1920, 11 days before the beginning of the October term, the defendant filed his plea of privilege. On October 3, 1920, which was the appearance day of the October term, the defendant filed

a general denial, but it was made subject to his rights claimed by him in his plea of privilege, and to be considered by the court in the event only that the plea should be overruled. Galewsky's attorneys resided in Houston, Tex. At the time the plea of privilege was filed those attorneys addressed a letter to plaintiff's attorneys notifying them of the filing of the plea of privilege and inquiring whether or not the plea would be contested, coupled with a request that if a contest was contemplated plaintiff's attorneys would let them know, in order that a suitable time might be agreed on for a hearing of the plea. Plaintiffs' counsel did not reply to that letter. On October 2d, two days before the October term convened, defendant's counsel addressed another letter to plaintiffs' counsel reminding them of their former letter which had been unanswered. On October 4th, the day the October term convened, plaintiffs' counsel wrote to defendant's counsel as follows:

"We are in no particular hurry about taking this matter up at the present time, but if you should desire a hearing on this plea of privilege, we are willing to take it up at any convenient time."

The October term of court continued until the beginning of the January term, 1921, which convened on January 3d of that year. On December 18, 1920, some two weeks before the close of the October term, defendant's counsel mailed at Houston a letter to the Honorable R. E. L. Roy, judge of the court in which the case was pending, calling his attention to the plea of privilege which had been filed in his court, and to the fact that no controverting affidavit had been filed by the plaintiffs in reply to the plea of privilege as provided by statute; also requesting that the plea of privilege be acted upon and that an order be made transferring the case to the district court of Waller county. Defendant's counsel at the same time enclosed the draft of an order to be entered by the court sustaining the plea of privilege and ordering the case transferred. The trial judge, to whom the letter was addressed, made no reply to the letter, and took no action on the plea of privilege during that term of court. On February 3, 1921, after the January term had convened, plaintiffs for the first time filed a controverting affidavit to the plea of privilege. No action was taken upon the plea of privilege during the January term of court, which ended on April 2, 1921. The April term began April 4, 1921, and on April 11th plaintiffs filed their second supplemental petition, also containing a controverting affidavit in reply to defendant's plea of privilege. Those two controverting affidavits contained in the two supplemental petitions so filed by the plaintiffs consisted solely of claims that the defendant had waived his plea of privilege. The basis for the contention that the plea of privilege had been waived was that action had not been taken upon the plea of privilege either at the July term or at the October term; that the attention of the court had not been called to the plea at either of those terms; and that the case had not been continued at either of those terms without prejudice to the plea of privilege, nor had the plea of privilege been passed over by reason of an inability of the court to consider the same on account of other business.

The contention so made by plaintiffs' counsel that the plea of privilege had been waived was sustained by the trial judge, and for that reason the plea was overruled.

Article 1910, V. S. Tex. Civ. Statutes, reads as follows:

"Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit."

Rule 24 (142 S. W. xix) reads:

"All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."

The ruling of the trial court was predicated upon that article and that rule.

Article 1903 (1st Sup.) V. S. Tex. Civ. Statutes, reads as follows:

"A plea of privilege to be sued in the county of one's residence shall be sufficient, if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of such process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of such plea, and that none of the exceptions to the exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist in said cause; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending. Upon the filing of such controverting plea the judge or the justice of the peace shall note on same a time for a hearing on the plea of privilege; provided, however, that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten full days exclusive of the day of service and day of hearing. If the parties agree upon a date for such hearing, it shall not be necessary

to serve the copy above provided for. Either party may appeal from the judgment sustaining or overruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

[1] It is well settled by the decisions of this state that under and by virtue of the provisions of that statute the burden is upon the plaintiffs to overcome the prima facie proof furnished by a plea of privilege in compliance with the statutes, and that, in the absence of a controverting affidavit, by the plaintiff and of proof to sustain the same no, other action can be taken by the trial court except to sustain the plea and order the case transferred to the proper county. Ray v. Kimball (Tex. Civ. App.) 207 S. W. 351; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981; Brooks v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 211 S. W. 288. In the last-cited case the plaintiff recovered a judgment by default against the defendant, who had filed a plea of privilege in statutory form and which plea was on file at the time the judgment was taken, although it had never been presented to the court and no action had been taken thereon. The Court of Appeals reversed that judgment, and remanded the cause to the trial court, with instructions to transfer the case to the county of the defendant's residence. In the opinion, written by Chief Justice Huff, the changes in the old law wrought by the act of 1917, and embodied in what is now known as article 1903 of the Statutes, were pointed out with the observation that it was the evident purpose of the Legislature to abolish the strict rules that originally prevailed relating to pleas of that character. In that case it seems that no controverting affidavit was filed by the plaintiff, such as was permitted by that article of the statute, and the court said:

"It is manifest, we think, that the statute contemplates, after the defendant has made prima facie proof of his right, that he is not required to be present until he receives notice of a contest and of the order setting a day for hearing thereon. If no contest is filed he has established his right, and the court no longer has jurisdiction over his person, but it is with the court in a different county. Under the amendment the filing of the plea is both an appearance for the purpose of the plea and proof of the rights asserted. Formerly the mere filing was not proof, and if not presented and proof offered thereon it was a waiver. It seems to us this formality is now dispensed with, and the decisions to that effect under article 1910 are not applicable. We believe the following cases will support the view above expressed. Ray v. Kimball, 207 S. W. 351; Murphy v. Dabney, 208 S. W. 981; Lucid v. McDowell, 206 S. W. 203. The caption of the act, amending article 1903, also suggests, we

think, that it was the purpose to change the practice or procedure as formerly established. The caption recites that it was an act to amend the article 'so as to render a verified plea of privilege prima facie proof of the right of the defendant to change of venue and providing for procedure thereon.'"

Likewise in the case of Bennett v. Rose Mfg. Co., 226 S. W. 143, the Court of Civil Appeals at Dallas followed the case of Brooks v. Wichita Mill & Elevator Company, and reversed a judgment which had been rendered by default against the defendant, with instructions to the trial court to transfer the case to the county of the defendant's residence. In that case the defendant had filed a plea of privilege in statutory form, but had never presented it to the court for action. The plea of privilege had not been controverted by any affidavit on the part of the plaintiff, but certain objections were urged thereto by the plaintiff, in that it was filed before the appearance day and therefore did not purport to show the residence of the defendant on that day. The plea of privilege was not set down for hearing in advance of the trial of the case on its merits, nor was the defendant served with any notice of the exceptions filed thereto. When the case was called for trial, the plaintiff's exceptions to the plea were sustained, and thereupon judgment was rendered for the amount of the debts sued for as by default. No motion for a new trial was made by the defendant, but notwithstanding that fact the Court of Civil Appeals at Dallas held that the trial court committed fundamental error in overruling the plea of privilege and entering judgment in plaintiffs' favor on the merits, and in so holding the court said:

"This amended statute makes the filing of a plea of privilege to be sued in the county of one's residence prima facie proof of his right to a change of venue in the absence of a 'controverting plea' thereof under oath. When such plea of privilege and controverting plea are filed, it becomes the duty of the court to note on the controverting plea 'a time for a hearing on the plea of privilege,' and such hearing shall not be had until a copy of the controverting plea, including a copy of such notation thereon, shall have been served upon the defendant, or his attorney, for at least 10 full days exclusive of the day of service and day of hearing. If no contest as indicated is filed, the defendant, by filing his plea of privilege in conformity with the statute, establishes his right to be sued in the county of his residence, 'and the court no longer has jurisdiction over his person, but it is with the court in a different county.' Brooks v. Wichita Mill & Elevator Co., 211 S. W. 288."

The court further held that there was no merit in the objection urged by the plaintiff that the plea was insufficient by reason of the fact that it was filed prior to the return

day of the term. The case of Texas Packing Co. v. St. L. S. W. Ry. Co. (Tex. Com, App.) '227 S. W 1095, by our Supreme Court holding that the dilatory plea there involved was waived because* not presented at the first term of court convening after it was filed, is not applicable here, since that plea was not a plea of privilege, but one in which the legal capacity of plaintiff to institute the suit was challenged.

The statute and court rule requiring promptness in the disposition of dilatory pleas were designed to avoid unnecessary delay of the plaintiff in the trial of his case on its merits, and to promote an orderly dispatch of business by the court. As has been frequently announced by our Supreme Court, the right given by the statutes to be sued in the county of one's residence is a substantial and valuable right.

[2] The statute and court rule relating to the disposition of pleas asserting that privilege should receive a liberal interpretation, since they are in the nature of declarations of forfeiture of a valuable statutory right, for lack of diligence on the part of the defendant in asserting that right. Especially is this true, in the light of the last amendment of article 1903, reflecting as it does a legislative purpose to insure to the citizen this statutory right to be sued in the county of his residence, in the absence of exceptions stated in article 1830 on the venue of suits. To say that appellant was required to present to the court his plea of privilege at the July term, prior to the return day of process served on him would be unreasonable, and we cannot believe that such a requirement was intended either by the statute or court rule relating to such pleas. The defendant was not required to file his plea of privilege prior to the appearance day of the October term of court. The filing of that plea a few days ahead of time was an act of diligence for which he should be commended rather than penalized. If 'he was not required to file his plea before appearance day of the return term, he was not required also to present his plea to the court prior to the beginning of that term and thus to do more than would have been required if he had filed it on appearance day.

[3] The letter recited above and addressed to the trial judge by defendant's counsel during the October term, calling his attention to the plea of privilege, stating also that the same had not been controverted by the plaintiffs, asking that the plea be sustained and the case ordered transferred to Waller county, and enclosing the draft of an order to that effect ready for the signature of the judge thereto, was a literal compliance with the statutory requirement that the court's attention be called to the plea. So far as this record shows the judge did not refuse to sustain the plea at that time,

by reason of the fact that defendant's counsel did not present it in person rather than by letter, if indeed such would have been a valid excuse for not acting on the plea at that term of court. And since that term of court was the first term at which defendant, in any event, was required to present it, he did not waive it, and the court erred in finally overruling it.

For the reasons indicated, the judgment of the trial court overruling the defendant's plea of privilege is reversed, and judgment is here rendered sustaining said plea. And this decision will be certified to the trial court, with instructions to the clerk of that court to immediately make out a correct transcript of all the orders made in this cause, certifying thereto officially, under the seal of the court, and transmit the same with the original papers in the cause to the clerk of the district court of Waller county, Tex., in accordance with the statutes in such cases made and provided.