### BISHOP v. GALBRAITH. (No. 6830.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1922. Rehearing Granted Jan. 17, 1923.)

**1. Judgment ⬅➔384—To set aside judgment after term of rendition, good defense to action must be shown.**

In any effort to set aside a judgment after the term of rendition, facts establishing or tending to establish a meritorious defense to the cause of action are essential, and a general allegation that petitioner has a "substantial and meritorious defense to plaintiff's alleged cause of action" is insufficient.

### On Motion for Rehearing.

**2. Pleading ⬅➔111—Filing of plea of privilege divests court of jurisdiction until controverting affidavit filed.**

Notwithstanding article 1910, Rev. St., and District Court Rule No. 24 (142 S. W. xix), providing that a plea of privilege must be acted upon at the term at which it is filed, under Act April 2, 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), changing the procedure relating to pleas of privilege, such plea is prima facie proof of defendant's right to change venue, and upon filing the court loses jurisdiction over defendant's person, which is only restored by the filing of a controverting affidavit, and until such filing the court has no power to enter any order except to transfer to the proper county.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by H. B. Galbraith against F. Z. Bishop. From a denial of defendant's motion to vacate a judgment entered after he had filed a plea of privilege on which no action was taken, he appeals. Judgment reversed, and cause remanded.

Birkhead & Lang, F. Stevens, and Thos. G. King, all of San Antonio, and Kibbe & Perkins, of Brownsville, for appellant.

H. B. Galbraith, of Brownsville, for appellee.

SMITH, J. On November 19, 1920, H. B. Galbraith brought this action against F. Z. Bishop, seeking to recover upon an alleged debt. The cause was returnable to the March, 1921, term of court, and service of citation was had upon Bishop in time to require him to answer at that term, which convened on March 14th. On December 17, 1920, Bishop filed his plea of privilege, in due form, to be sued in Bexar county, where he claimed to reside, and on January 7th, following, filed an answer subject to the plea. No controverting affidavit was ever filed in reply to the plea of privilege, and without taking any action in the matter, the court adjourned for the term on April 16, 1921. The next regular term convened on May 30, 1921, and on June 6th, following, after having been regularly set for that day, the cause was tried in the absence of defendant Bishop, and judgment for approximately the amount sued for was rendered against him. No motion for new trial was filed at that term, nor at the next term, which convened in October, nor was appeal in any way perfected. But at the January, 1922, term, Bishop filed a motion to vacate and set aside the judgment, which motion was dismissed at the instance of Galbraith, and Bishop has appealed.

The judgment must be affirmed, first, because appellant waived his plea of privilege in the court below, and in doing so subjected himself to the jurisdiction of that court. The plea was filed in proper form, and in due time, and thus became prima facie proof of the defendant's right to change of venue. But there the defendant stopped. He did not then or thereafter at any time present the plea to the court, or call the court's attention to the fact that it had been filed. A trial court is under no obligation or duty to search the files of any cause to ascertain the nature of the pleas filed therein, but the burden rests always upon the party filing those pleas to affirmatively call them to the court's attention, and invoke its ruling thereon, and as all pleas to the jurisdiction and in abatement and other dilatory pleas not affecting the merits of the case must be disposed of at the term of the court at which they are filed (article 1910, R. S., and District Court Rule 24 [142 S. W. xix]), this duty of the proponent requires him to seek such action at the same term of court, and if he fails to do so, he waives his plea. Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224. The fact that the plaintiff in this case at no time filed any controverting affidavit has no

---

⬅➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bearing on the foregoing rule. Oil Co. v. Brooks (Tex. Civ. App.) 221 S. W. 321. It did not relieve the defendant of the duty of following up his plea, and obtaining action thereon at the current term of court, either disposing of the plea on its merits, or continuing it without prejudice. Failing in that duty, the defendant waived his privilege.

We are not unmindful of the apparent confusion of the authorities upon this question. This confusion seems to have grown out of the passage of the Act of April 2, 1917 (chapter 176, § 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), changing the procedure relating to pleas of privilege. But we perceive nothing in that act which may be given the effect of modifying article 1910, or rule 24, or the decisions construing them. While it is true that in the act of 1917 it is provided that the filing of a proper plea makes a prima facie case for change of venue, its operation is not made automatic. There still exists the requirement in article 1910 and Rule 24 that the plea must be acted upon at the term at which it is filed, and the rule of decision that the plea is waived if not acted upon at such term, or unless the continuance is expressly made without prejudice to the plea. The burden still rests upon the party claiming the privilege to present his plea to the court, and obtain a ruling thereon. The act of 1917 does not specify the time within which the plaintiff shall file his controverting affidavit, and therein lies the defect in that statute. But this omission and defect cannot serve to add to or take from the proponent of the plea the burden of pressing his privilege, which is personal to him and may be easily waived by him at any time and in many ways. This burden never shifts to his adversary, or to the court. It remains upon him at all times until his privilege is established by a proper and timely ruling. It would be absurd to read into the amended statute a provision that the mere filing of a proper plea of privilege in a particular court, and the failure of the plaintiff to controvert it, would automatically deprive that court of jurisdiction, so that any judgment on the merits of the cause would be void, and yet that is the construction appellant seeks and depends on here. The idle and grotesque results flowing from such construction would discredit the venue statutes of the state. The case of Cleveland v. Spencer (Tex. Civ. App.) 235 S. W. 632, does not support appellant's contention, as he claims. In that case the plea of privilege was called to the attention of the trial court, and a ruling thereon demanded, which was not done in this case. The point decided there was that the plea was not waived by the failure to present it at the term during the last few days of which it was filed, but to which it was not returnable.

[1] It will be observed that the judgment complained of was rendered against appellant on June 6, 1921. No motion for new trial was filed by appellant, nor did he appeal from the judgment. The October term followed, was allowed to pass, and appellant still was silent, making no complaint. But at the next term, in January, 1922, he filed a motion to vacate or set aside the judgment upon various grounds not necessary to detail here. The failure of appellant to perfect and prosecute an appeal from the judgment was alleged to have been due to the fact that he knew nothing of the rendition of the judgment until shortly before the motion to vacate was filed. Without determining the sufficiency of this showing of diligence, we are obliged to affirm the judgment for the reason that appellant wholly failed to set out any facts establishing, or tending to establish, any meritorious defense to the cause of action which appellee set up against him. Such showing is essential in any effort, made after adjournment of the term at which it was rendered, to set aside a judgment not void on its face. It is true that appellant alleged in general terms that he "has a substantial and meritorious defense to plaintiff's alleged cause of action," but this is a mere conclusion of the pleader. It was necessary in order to obtain relief from a judgment rendered at a previous term of court that appellant set out his defenses in detail, showing the particular facts constituting such defenses. McCaskey v. McCall (Tex. Civ. App.) 226 S. W. 432; Wheat v. Ward County (Tex. Civ. App.) 217 S. W. 713.

The judgment is affirmed.

On Motion for Rehearing.

[2] In his motion for rehearing, calling attention to authorities not theretofore cited, appellant challenges the holding in the original opinion that he had waived his plea of privilege by not calling it to the attention of the trial court during the term at which it was filed, and by permitting it to be continued without reserving the right to present it at subsequent terms of the court.

Upon further consideration, we have concluded that in deference to the decisions now cited by appellant the motion for rehearing should be granted, and the judgment of the court below reversed. The theory advanced in those decisions is that as the plea of privilege statute as amended provides that the "plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue," the court in which the plea is filed loses jurisdiction of the person of the defendant upon the filing of the plea, and that such jurisdiction can be restored only by the filing of a controverting affidavit; that until such affidavit is filed the court has no power to enter any order in the cause except to transfer it to the proper county, and

that in the absence of such affidavit a judgment on the merits of the case is void. Brooks v. Wichita Co. (Tex. Civ. App., 7th Dist.) 211 S. W. 288; Bennett v. Rose Co. (Tex. Civ. App., 5th Dist.) 226 S. W. 143; Craig v. Pittman (Tex. Civ. App., 5th Dist.) 234 S. W. 1112; Galewsky v. Kyser (Tex. Civ. App., 2d Dist.) 244 S. W. 159; Wallace v. Adams (Tex. Civ. App., 1st Dist.) 243 S. W. 572. While still doubtful of the justice or wisdom of the doctrine announced in these cases, we yield to the apparent weight of authority.

The motion for rehearing will be granted, the judgment of the court dismissing the motion to set aside judgment will be reversed, and the cause remanded, with instructions to the court below to proceed to transfer the cause to the district court of Bexar county, unless the plaintiff shall in the meantime file a proper affidavit controverting the plea of privilege filed by defendant, in which event the court shall proceed to hear and determine the plea on its merits.

Motion granted, judgment reversed, and cause remanded, with instructions.