MURPHY v. DABNEY. (No. 386.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 19, 1918. On Motion for Rehearing, Feb. 14, 1919.)

1. VENUE ☞32(2)—PRIVILEGE OF DEFENDANT—WAIVER.

Mere entry of rule for costs by trial court, with proviso that it was without prejudice to defendant's rights with reference to his plea of privilege, was not a waiver of plea of privilege under Acts 35th Leg. c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

2. PLEADING ☞110—PLEA OF PRIVILEGE OF DEFENDANT—ABSENCE OF CONTEST.

Where no affidavit controverting defendant's plea of privilege under Acts 35th Leg. c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), was filed, trial court should have promptly granted change of venue; plea being prima facie proof of statements made.

On Motion for Rehearing.

3. PLEADING ☞104(2) — PRIVILEGE OF DEFENDANT—PLEA—NECESSITY FOR DENIAL.

Under Acts 35th Leg. c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), in suit to foreclose on boiler common-law lien for rent, defendant's plea of privilege *held* tantamount to complete and detailed denial under oath of facts in plaintiff's petition giving him right to sue in county of suit, so that, after filing of such plea, plaintiff was required, to raise issue of his right to sue in county of suit, to file controverting plea or affidavit, even though repeating jurisdictional facts alleged in petition.

Appeal from Liberty County Court; C. N. Smith, Judge.

Suit by J. F. Dabney against A. Murphy. From an order overruling his plea of privilege, defendant appeals. Reversed and remanded, with instructions to transfer to another county.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C. R. Wilson, of Liberty, for appellant.
H. E. Marshall, of Liberty, for appellee.

BROOKE, J. This suit was filed on the 1st day of October, 1917, in the county court of Liberty county, Tex., to foreclose a common-law lien upon a boiler located upon inclosed premises owned and occupied by appellee and in his possession, for a demand or debt for rent arising out of the use of said premises for the location thereon of certain sawmill machinery, including the boiler sought to be foreclosed upon by appellee. The premises where the boiler was left in appellee's possession are situated in Liberty county, Tex. The county court of Liberty county, where the suit was filed, convened on the 21st day of January, 1918, and on the first day of the term appellant filed a plea of privilege, claiming proper venue of the case to be in the county court of San Augustine county, Tex., where he lived. On the 22d day of January, 1918, appellant verbally ruled appellee for security for costs, and appellee complied with the rule on the 7th day of February, 1918. In taking the order ruling appellee for costs, it was, at the request of appellant, entered "reserving plea of privilege." The case was called for hearing on the plea of privilege on the 7th day of February, 1918, and the court overruled the plea of privilege on the ground that the same had been waived by the rule for costs, and upon the further ground that the nature of the suit showed that the court had venue of the case. After the court had overruled the plea of privilege, appellee moved the court to set aside the order so made, and to grant appellant a hearing upon the allegations of his plea of privilege and appellee's written answer filed. This motion appellant resisted, and the court overruled it. Appellant appealed from the order of the court overruling his plea of privilege.

We are confronted with several propositions that are necessary to be determined in this case. When the appellant, Murphy, appeared in the county court of Liberty county, he did so to file his plea of privilege to be sued in the county in which he lived, which he did on the first day of the term. This was under the act passed by the 35th Legislature, chapter 176, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and conforms strictly thereto, which amended the law heretofore governing pleas of like character. Section 1 of this act is as follows:

"A plea of privilege to be sued in the county of one's residence shall be sufficient, if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, * * * nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of

such plea, and that none of the exceptions to the exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist in said cause; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending. Upon the filing of such controverting plea the judge or the justice of the peace shall note on same a time for a hearing on the plea of privilege; provided, however, that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten full days exclusive of the day of service and day of hearing. If the parties agree upon a date for such hearing it shall not be necessary to serve the copy above provided for. Either party may appeal from the judgment sustaining or overruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

[1] Afterwards he ruled for costs and had the court to enter the order without prejudice to his plea of privilege. We are of opinion· that, when the plea of privilege was filed, a mere entry of the fact by the court was not a waiver of the plea of privilege, and especially is this true in the light of the fact that the court·had a right to and did reserve a plea of privilege without prejudice to the rights of the parties with reference to appellant's plea of privilege. In other words, we mean to hold that the mere entry of the rule for costs by the court, with the proviso that it was without prejudice to the right of the party with reference to his plea of privilege, was not a waiver of the plea of privilege, and we may say in this respect that we are of the opinion, notwithstanding the case of Brown v. Reed, 62 S. W. 73, that it would not have been a waiver, even though there had been no express reservation of the rights of the party under his plea of privilege, but that the court, no controverting affidavit having been filed, should have immediately changed the venue of the same to San Augustine county. We are not able to understand how, having reserved the right accorded him under his plea of privilege in the order of the court, it is possible that the court found that there had been a waiver of his plea of privilege by the mere entrance of the order, especially so as all the rights of the party had been especially reserved.

[2] The statute, as above stated, was amended with the idea evidently in the minds of the Legislature that when parties were sued out of the county of their residence, and the law had been complied with in reference to a plea of privilege, same hav-

ing been filed under oath that it would not be necessary for a party to be present and to urge his plea of privilege, in order that the court should hear proof or take any other action than to change the venue, as required by law. The fact that there was no controverting affidavit filed, which is made obligatory, and which would, in the present case, make the same an issue of fact to be tried by the court, the court, in our view, should have promptly granted the change of venue to San Augustine county. There was nothing further that the court could do, the plea having been declared by the law to be prima facie proof of the statements therein made. Therefore, in our view of the law, even if any further action could have been considered by the court, the same would necessarily have to be raised by a controverting affidavit.

In view of the premises, we are of the opinion that nothing is left for us to do except to reverse this cause and send the same back to Liberty county, Tex., with instructions that the court change the venue to San Augustine county, Tex., and thereupon the order is made reversing this cause, and returning the same to Liberty county, with instructions that the court transfer the same to San Augustine county, and it is accordingly so ordered.

On Motion for Rehearing.

HIGHTOWER, C. J. As will be seen from the original opinion reversing the judgment and remanding this cause with instructions, this court discussed only the assignment of error relating to the action of the trial court in overruling appellant's plea of privilege based upon the view entertained by the trial court that appellant had waived such plea by ruling the plaintiff below for costs.

In the motion for rehearing filed by appellee, he earnestly insists that this court was in error in holding that appellant did not waive his plea of privilege by invoking the jurisdiction of the trial court on the rule for costs.

We have again carefully considered this point on motion for rehearing, and we are still of the opinion that appellant did not waive his plea of privilege simply by ruling the plaintiff for costs, and our reason for so holding, being fully shown in the original opinion, needs no further amplification at this time.

[3] Appellee, in the motion for rehearing, further insists, however, that the judgment of the trial court overruling the plea of privilege filed by appellant should be sustained, even if this court should be still convinced that the plea of privilege was not waived by invoking the rule for costs. In this connection, it is earnestly contended by appellee that as his petition, as plaintiff in the court below, alleged facts which gave to that

court venue and jurisdiction, under the statute of this state, over appellant, the defendant below, and that as appellant, in his plea of privilege, failed to allege that such allegations of fact contained in appellee's petition showing venue and jurisdiction in the forum invoked were untrue and were made for the fraudulent purpose of conferring jurisdiction over appellant in the court below, that the trial court was correct in overruling the plea of privilege, and that its action in doing so was tantamount to sustaining a general demurrer to the plea of privilege, and rightly so.

The allegations of fact contained in appellee's petition, and which he contends gave him the right to sue appellant in the county court of Liberty county, notwithstanding appellant's residence in San Augustine county, were, omitting formal parts, as follows: ·

"That plaintiff, on the 31st day of August, 1916, and for more than a year prior thereto, and since that date, was and now is the owner of the following described lots and land, to wit: Situated in Liberty county, Tex., on the east side of the Trinity river, within the corporate limits of the town of Liberty, and being fractional inner block No. 210, according to the map or plat of the town of Liberty, and also 'an unnumbered fractional inner block lying south of said inner block No. 210, as shown on said map or plat of said town of Liberty. That the above-described premises was on the date above mentioned, prior thereto, and has been since said time, and is now under fence, with other property belonging to plaintiff, and that the same was on said date, prior thereto, since said time, and is now in the actual possession of plaintiff. That on the said 31st day of August, 1916, the defendant became the owner of a certain sawmill outfit, including, among other machinery, a boiler, by transfer from the Trinity Tie & Lumber Company, a corporation, to which said company, plaintiff is informed and believes, defendant had previously sold said sawmill machinery. That said machinery was placed on said premises on or about the 1st day of May, 1916, by the said Trinity Tie & Lumber Company, under a rental agreement with the plaintiff, under which said company was to pay to plaintiff the sum of $250 per year rental on said premises, payable semiannually. * * * That on or about the 20th day of December, 1916, the defendant removed from said premises all of the mill machinery except the boiler belonging to same, which said boiler is still on said premises and in possession of plaintiff. That a short time after said mill machinery was transferred to the defendant by the Trinity Tie & Lumber Company, the plaintiff informed defendant that if said machinery remained on said premises he would be charged at the same rate rental as the Trinity Tie & Lumber Company agreed to pay, which he was also informed was $250 per year. That having been so informed by plaintiff, the defendant permitted said machinery to remain on said premises, in possession of the plaintiff, until about the 20th day of December, 1916, at about which date a part of the machinery was removed by defendant, and defendant has permitted the boiler, of the value of $400 belonging to said sawmill outfit, to remain on said premises since that date, and that the same is still thereon, in the possession of plaintiff."

The prayer was for judgment in the sum of $250, as rental, and for foreclosure of the lien claimed by plaintiff as a common-law lien on said boiler, etc.

It will be noted that in the original opinion this court, in stating the nature of the suit, among other things, stated that the suit was one by appellee to foreclose a common-law lien on the boiler and sawmill machinery, etc.; but we wish to state at this time that it was not the intention of the court, where it used such language, to decide that the facts stated by appellee in his petition were sufficient to show that he had a common-law lien on the boiler, machinery, etc., but we merely intended to state that it was claimed by appellee that he had a common-law lien. We do not now determine or decide whether the facts stated show a common-law lien in favor of appellee to secure the indebtedness claimed by him against appellant, because we do not deem it necessary to decide that question in reaching a determination of the question as to whether the trial court was in error in overruling the plea of privilege.

For the purpose of disposing of this appeal, however, we will assume that the facts stated in appellee's petition, if true, show a common-law lien in his favor on the boiler in question to secure the indebtedness claimed by him against appellant.

Appellant's plea of privilege, omitting formal parts, was as follows:

"Now comes A. Murphy, defendant in the above entitled and numbered cause, and says that this court ought not to have or take further action of cognizance of this suit than to have the same transferred to the county having jurisdiction of the person of this defendant, because, he says, that he is not now, and was not at the institution of this suit, nor at the time of service of process on him herein, nor at the time of filing this plea, a resident of the county of Liberty, the county in which this suit was instituted, and is now pending, but is now, and was at the time of the institution of this suit and at the time of service of process upon him and of the execution and filing of this plea, a resident of the county of San Augustine, state of Texas, where he then and now resides, and that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist in this cause; that this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought or maintained in the county of Liberty, state of Texas, or elsewhere outside of said county of San Augustine, Tex.

"Wherefore, defendant prays the court that the above suit be transferred to the county court of San Augustine county, Tex., and for such orders herein as may be proper and necessary."

It will be readily observed that this plea of privilege strictly conforms to the statute of this state governing such pleas, as amended by the act passed by the 35th Legislature, chapter 176, p. 388. Section 1 of that act is copied in full in the original opinion in this case, and need not be recopied here.

After appellant's plea of privilege was filed, no character of reply whatever seems to have been made thereto by appellee, and no controverting affidavit of any character relative to such plea was filed by appellee.

Now, it is the contention of appellee that since his petition stated facts which on its face gave him the right to sue appellant in Liberty county, notwithstanding the latter's residence in San Augustine county, and since appellant failed to reply to such allegations in his petition, and, to allege that such allegations showing venue in the forum invoked were falsely made and for the fraudulent purpose of conferring jurisdiction there over appellant, that there was no issue of fact to be determined by the trial court on the plea of privilege, because no such issue was joined by the pleadings, and that the court was correct in assuming and holding jurisdiction on the state of facts alleged in appellee's petition. In support of this contention, appellee cites the following cases: Pearce v. Wallis, 58 Tex. Civ. App. 315, 124 S. W. 496; Drummond v. Bank, 152 S. W. 739; Baldwin v. Richardson, 87 S. W. 353; Kirkpatrick v. Bank, 148 S. W. 362.

Had the law of this state governing the plea of privilege not been changed, as it was by the act of the Thirty-Fifth Legislature above mentioned, then appellant's contention on this point would be correct, and would be fully supported by the authorities cited. Since the amendment of the law on this point, however, by the Thirty-Fifth Legislature, the authorites cited have, in our opinion, no application.

After carefully studying the amendment of the law made by the Thirty-Fifth Legislature and quoted in full in the original opinion, we have reached the conclusion that the plea of privilege filed by appellant was, by force of the statute as amended, tantamount to a full, complete, and detailed denial under oath of the facts alleged in appellee's petition, the existence of which appellee claimed conferred jurisdiction over appellant, and the right to sue him in Liberty county; and that, after the filing of such plea by appellant, appellee was required, in order to raise the issue of the right to sue appellant in Liberty county, to file a controverting plea or affidavit, under oath, which verified plea or controverting affidavit would show facts conferring jurisdiction over appellant in Liberty county, as sought, even though such would be but a repetition of the jurisdictional facts already alleged in his petition. We

think that the express language of the new act compels the construction that we have placed upon it and here applied.

Appellee having failed to file such controverting affidavit or verified plea, in answer to appellant's plea of privilege, there was but one course that the trial court might correctly pursue, and that was to sustain appellant's plea, and transfer the cause to the county court of San Augustine county for trial.

We think the construction we have placed on the new act is in perfect accord with and finds support in the opinion of the Ft. Worth Court of Civil Appeals in the case of Ray et al. v. W. W. Kimball Co., 207 S. W. 351.

The original opinion will therefore be adhered to, and the motion for rehearing overruled, and it will be so ordered.