**COOK et ux. v. GUZMAN.  (No. 9341.)**

Court of Civil Appeals of Texas.   Galveston.
July 18, 1929.

PLEASANTS, C. J.  This appeal is from an order of the trial court overruling a plea of privilege to be sued in the county of their residence, duly filed and presented by appellants.

This suit was brought by Reyes Guzman, as next friend of his minor son, Rudy Guzman, to recover damages for personal injuries to the minor, alleged to have been caused by the unlawful and negligent operation of an automobile driven by the defendant on the streets of the city of Houston.  The acts of the defendant which are alleged to have caused plaintiff's injury are thus specifically stated:

"(a) In driving and operating their said automobile at the time and place in question at a high, dangerous and excessive rate of speed.

"(b) In operating and driving said automobile at the time and place in question at a rate of speed in excess of that permitted by law.

"(c) In failing to keep a reasonable and proper lookout for this plaintiff and others who might be approaching and crossing the intersection of the aforesaid streets in the manner in which plaintiff was so crossing.

"(d) In cutting the corner of said intersection when turning the said automobile off of La Branch Street and to the West into Taum Avenue.

"(e) In failing to go to the center of the intersection of said streets before turning their car to the West into Taum Street, thus making a square turn.

"(f) In failing to have their said automobile under reasonable and proper control so that the same could have been stopped before striking and injuring minor plaintiff.

"(g) In failing to give reasonable warning to the plaintiff and others at and about the intersection of said streets, of their intention to turn their said automobile to the East and into Taum Street, at the intersection of said Streets.

"(h) In failing to stop said automobile, or to so slacken its speed, or to swerve the same to the right or the left in such manner and in time to have prevented striking and injuring this plaintiff, after discovering and realizing his perilous position in the pathway of their said automobile, and that he was not undertaking to extricate himself therefrom, which the defendants could have done with the means at hand and in safety to themselves, their said automobile, and any other persons with them."

Appellants' plea of privilege to be sued in Matagorda county, where they reside, was prepared, filed, and presented in compliance with the statute.  In answer to this plea, the appellees filed the following controverting affidavit:

Styles & Erickson, of Bay City, for appellants.

King, Wood & Morrow, of Houston, for appellee.

"Now comes Reyes Guzman, next friend to Rudy Guzman, Plaintiff in the above entitled and numbered cause, and controverts the plea of privilege of the said W. E. Cook and Mrs. W. E. Cook, defendants herein, and says that he has good reason to believe, and does believe, and so alleges, that Defendants' said plea is incorrect, and that this Court has venue of this cause and of the persons of these defendants on the following grounds and reasons, to-wit:

"Art. 1995, Venue, general rule, 1925 Statutes, subdivision 9. Crime or Trespass.—'A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile.'

"Plaintiff alleges that basis for this suit to be tried in Houston, Harris County, Texas, according to the Statute of trespass was that Defendants, Mr. and Mrs. W. E. Cook, were riding in their car in Houston, Harris County, Texas, and that a collision was caused by them in Houston, Harris County, Texas, and in said collision Defendant ran over and injured plaintiff, Rudy Guzman, which, according to the Statute, constituted trespass and venue lies in Houston, Harris County, Texas.

"Wherefore, plaintiff prays that defendants be served with a copy of this plea as required by law in such cases, and that after hearing of said plea of privilege by the court, the same be in all things overruled."

This affidavit was duly sworn to by its maker.

Upon a hearing on the plea and controverting affidavit, the trial court, without hearing any evidence in support of the affidavit, overruled appellants' plea, and refused to transfer the case to Matagorda county.

Upon this state of the record the plea of privilege should have been sustained. If there had been evidence to sustain the allegation of the petition that the minor plaintiff was injured by the violation of appellants of the state and municipal law governing the operation of automobiles, or by other affirmative acts of appellants amounting to a trespass, the suit could have been maintained in Harris county where said wrongful acts were committed. Subdivision 9, art. 1995, Rev. St. 1925; Baldwin v. Richardson, 39 Tex. Civ. App. 348, 87 S. W. 354.

If the injury was caused by a mere negligent omission of duty by appellants, the suit could not be maintained in the county in which the injury occurred when the defendant resides in another county and pleads for principal to be sued in the county of her residence. Connor v. Saunders, 81 Tex. 633, 17 S. W. 236.

As before stated, no evidence was heard or offered by appellee in support of his controverting affidavit.

The plea of privilege, filed and presented in compliance with the statute, prima facie entitled appellants to have the case against them transferred to the county of their residence. Hayes v. Penney (Tex. Civ. App.) 215 S. W. 571.

To overcome the prima facie showing of the right to have the case transferred, it developed upon appellee to allege and prove at least prima facie facts which would entitle him to maintain the suit in Harris county.

The allegation in the petition cannot supply the want of allegation of necessary facts in the controverting affidavit to defeat defendants' plea of privilege. The allegation of fact in the controverting evidence wholly fails to show that appellee's injury was caused by any crime, offense, or trespass, but merely states the conclusion of the pleader that the collision of the automobile "constituted a trespass and venue lies in Harris County, Texas." These allegations can, under no rule of pleading, be held sufficient. Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981; Penix v. Davis (Tex. Civ. App.) 265 S. W. 718.

We cannot look to the petition in aid of the controverting affidavit which does not refer to the petition nor make it a part of the affidavit. Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995; Meadows v. Turner (Tex. Civ. App.) 270 S. W. 899.

If, however, there had been sufficient pleading, there was no evidence on the hearing showing or tending to show any facts that would defeat applicants' right to have the suit against them tried in the county of their residence.

Neither the allegations of the petition nor of the controverting affidavit can be taken as evidence upon the hearing of a plea of privilege. Carver Bros. v. Merrett (Tex. Civ. App.) 184 S. W. 741; Ray v. Kimball (Tex. Civ. App.) 207 S. W. 351.

There being neither pleadings nor evidence to support the order of the trial court refusing the plea of privilege, the order must be reversed and cause remanded, with instruction to the trial court to transfer the case to Matagorda county in accordance with the provisions of the statute.

Reversed and remanded, with instructions.