**BRAMBLETT et al. v. ROBY STATE BANK.**

No. 1208.

Court of Civil Appeals of Texas. Eastland.

Dec. 29, 1933.

Rehearing Denied Jan. 26, 1934.

Smith & Eplen, of Abilene, for appellants.

Roy F. Formway and B. Brown Smith, both of Roby, for appellee.

FUNDERBURK, Justice.

Roby State Bank sued E. T. Bramblett and Sam T. Redwine as partners, both alleged to be residents of Taylor county, to recover damages for the alleged conversion of 20 bales of cotton valued at $602.65. In the same suit, plaintiff also sought recovery against Planters' Gin Company, an alleged resident of Nolan county, for damages for the alleged conversion by the latter of 9 bales of cotton valued at $164.16. The total damages claimed against all defendants was

limited to the amount of a certain judgment held by plaintiff against one A. L. Chance in the principal sum of $337.42, with interest and costs for the security of which a lien was claimed on the cotton alleged to have been converted. Bramblett and Redwine each filed separate pleas of privilege. Plaintiff controverted said pleas, alleging, as to Bramblett, that the venue was "governed by two exceptions to the general rule of venue, to-wit, subdivision 4 and subdivision 9 of article 1995." It was further alleged: "That the cotton alleged to have been converted by the defendant E. T. Bramblett in the above entitled and numbered cause was converted in the county of Fisher, State of Texas, being the same county in which suit was brought. * * * That the defendant Planters' Gin Co., Inc., is a resident of Fisher County, Texas, said county being the same county in which the aforesaid suit was brought, and being a different county from that of the residence of E. T. Bramblett defendant herein." The quotations are from the controverting plea in answer to the plea of privilege of E. T. Bramblett. The controverting plea in answer to the plea of privilege of defendant Redwine was the same if we substitute the name of Sam T. Redwine for that of E. T. Bramblett.

The trial court overruled exceptions to the controverting pleas, and, after hearing the evidence, overruled the pleas of privilege, to review which action Bramblett and Redwine have appealed.

■ There was neither pleading nor evidence sufficient to maintain the venue in Fisher county under subdivision 4 of said R. S. 1925, art. 1995. As a pleading, the controverting affidavit was insufficient to sustain venue under subdivision 4, for two reasons, viz.: (1) It alleged no cause of action against the resident defendant. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861. (2) Even if it could be held that it attempted to allege such cause of action, there were no allegations to show either that the cause of action was the same as to the resident and nonresident defendants, or that the causes of action, if more than one, were such as could properly be joined in the same suit. Same authorities. There was no proof of the existence of a cause of action against the alleged resident defendant Planters' Gin Company. There was no proof that any defendant resided in Fisher county. On the contrary, plaintiff, in its petition, alleged the residence of each and all the defendants to be in counties other than Fisher. If, therefore, the venue is to be sustained, it must be because of the pleading and proof of facts to show that the case comes within subdivision 9 in that a trespass was committed in Fisher county.

■ Without determining whether, if the cotton was converted in Fisher county, that necessarily constituted a trespass committed in that county, we shall assume that it did. It has many times been held that a conversion constitutes a trespass. Palmer v. Pinkston (Tex. Civ. App.) 282 S. W. 668; Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W. (2d) 598; Hall v. Saunders (Tex. Civ. App.) 15 S.W.(2d) 717; Kirby v. Fitzgerald (Tex. Civ. App.) 35 S.W.(2d) 763; American Mort. Corp. v. Smith (Tex. Civ. App.) 35 S.W.(2d) 1092; Thorp Springs Christian College v. Dabney (Tex. Civ. App.) 37 S.W.(2d) 193; Graves v. Buzbee (Tex. Civ. App.) 45 S.W. (2d) 392; Carver Bros. v. Merrett (Tex. Civ. App.) 184 S. W. 741; Garden Valley Mer. Co. v. Falkner (Tex. Civ. App.) 189 S. W. 300; Bank of Carbon v. Coxe Mercantile Co. (Tex. Civ. App.) 241 S. W. 602. If plaintiff pleaded a trespass committed in Fisher county, it did so in the following words: "That the cotton alleged to have been converted by the defendant E. T. Bramblett (or the defendant Sam T. Redwine) in the above entitled and numbered cause was converted in the county of Fisher." The controverting plea of plaintiff gained no aid as a pleading from the plaintiff's petition. The petition is not set out as an exhibit to either of the controverting pleas, nor is it referred to and adopted as a part thereof. Upon this point, we call attention to the late decision in Henderson Grain Co. v. Russ (Tex. Com. App.) 64 S.W.(2d) 347, 351, wherein the controverting plea did in a general way refer to the petition, but the court said: "It is true that the affidavit states that reference is made to the petition, but we do not think that this statement is sufficient for any court to say that the party who swore to it made the petition a part thereof and thereby swore to the entire petition."

Looking to the controverting plea alone, it is readily seen that plaintiff at most alleged a legal conclusion omitting to allege the facts showing the commission of a trespass in Fisher county. It is necessary that a controverting plea allege the facts showing that the case comes within one or more exceptions to the general rule of venue, and the allegation of mere conclusions is insufficient. Cook v. Guzman (Tex. Civ. App.) 19 S.W.(2d) 855; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981; Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; O'Quinn v. O'Quinn (Tex. Civ. App.) 57 S.W.(2d) 397; Smith v. Abernathy (Tex. Civ. App.) 6 S.W.(2d) 147; Spencer v. Presbyterian Board (Tex. Civ. App.) 36 S.W. (2d) 606; Paxton v. First State Bank (Tex. Civ. App.) 42 S.W.(2d) 837; Gulf Ref. Co. v. Lipscomb (Tex. Civ. App.) 41 S.W.(2d) 248. It is therefore our conclusion that the court erred in overruling the exceptions to the controverting plea.

452

The evidence, we think, was sufficient to sustain the venue in Fisher county had the controverting pleas been sufficient. Instead of directing a transfer of the case, we will reverse and remand, with direction that, unless the pleas are so amended to state the facts showing that a trespass had been committed, and upon another trial evidence is produced to sustain that issue, the case be transferred to the county court of Taylor county. See Cassidy-Southwestern Commission Co. v. Chupick Bros. (Tex. Civ. App.) 225 S. W. 215; Hayes v. Penney (Tex. Civ. App.) 215 S. W. 571; Texas & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617; Smith v. Rogers (Tex. Civ. App.) 34 S.W.(2d) 312; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Fears v. Fish (Tex. Civ. App.) 218 S. W. 507; Mueller-Huber Grain Co. v. Heid Bros. (Tex. Civ. App.) 58 S.W. (2d) 198; Olschewske v. Smyth (Tex. Civ. App.) 62 S.W.(2d) 220; Sparks v. West (Tex. Civ. App.) 41 S.W.(2d) 301; Brown v. Cox (Tex. Civ. App.) 53 S.W.(2d) 848; Randals v. Green (Tex. Civ. App.) 258 S. W. 528; Scott v. Clark (Tex. Civ. App.) 38 S.W.(2d) 382.