**HELF et al. v. GUNNELL et ux.**

No. 9423.

Court of Civil Appeals of Texas. San Antonio.

Dec. 19, 1934.

Rehearing Granted Feb. 20, 1935.

Motion for Rehearing of Appellees Overruled March 20, 1935.

Castle, Gammage & Mercer and Earl W. Gammage, all of Houston, for appellants.

Kelley, Looney & Norvell, of Edinburg, and Polk & Thompson, of Pharr, for appellees.

SMITH, Justice.

Gunnell and wife brought this action in a district court of Hidalgo county against a number of defendants, one of whom resided in Hidalgo county and all the others in Harris county. The Harris county defendants each filed a plea of privilege to be sued in said county. The Gunnells filed separate affidavits controverting said pleas, upon the stated ground that "these plaintiffs would show that the defendant, O. H. Helf, who is one of the defendants in this cause, resides in Hidalgo County, Texas, and at Weslaco, Hidalgo County, Texas, and that he is one of the defendants against which the cause of action herein is asserted and that said cause of action is a joint action against all of the defendants and that venue lies in Hidalgo County, Texas." The defendants filed general demurrers directed at each of said controverting pleas.

Upon a hearing of the matter of privilege, the parties agreed, with the apparent approval of the trial judge, that the court's ruling upon the general demurrers should be decisive of the pleas of privilege; that is to say, that a ruling sustaining or overruling the general demurrers should be given the effect of sustaining or overruling the pleas of privilege, as the case might be. Upon consideration, and apparently after much argument, the court overruled the general demurrers and thereby automatically, under the agreement of the parties, overruled the pleas of privilege. The several defendants have appealed.

■ It appears that at some undisclosed juncture in the proceeding appellees' controverting affidavit was amended, or interlined, so as to include a clause referring to and adopting the plaintiffs' petition as a part of the affidavit. The trial judge found, by implication, that this clause was timely and properly incorporated into the affidavit and this court is bound by that finding. The appeal must, therefore, rest upon the sufficiency of the controverting affidavit, as so amended, as against the general demurrer. It seems to be conceded by the parties, and we so hold, that when so tested the affidavit was sufficient, and that the court correctly overruled the general demurrer. The result is, that as the parties agreed with the approval of the court that the ruling of the court upon the demurrer should determine the matter of privilege, the order overruling the pleas of privilege must be sustained. This requires affirmance of the judgment as against all the appealing defendants except Talmadge Potter, whose status will now be noticed.

It appears that the controverting affidavit directed at Potter's plea of privilege was never amended to include a reference to and adoption of plaintiffs' petition, and it is in effect conceded by appellees, and we so hold, that without such reference the affidavit was not sufficient to put the matter of venue in issue, and was therefore subject to the general demurrer, which should have been sustained, and, being sustained, automatically established Potter's privilege, as agreed among the parties.

Accordingly, the order overruling the pleas of the nonresident defendants other than Talmadge Potter will be affirmed, but as to Potter it will be reversed, and judgment will be here rendered that as to appellant Potter the venue of this cause be changed to the district courts of Harris county, and the clerk of the district courts of Hidalgo county is hereby ordered to make certified copies of the filed papers in this cause and transmit the same to the clerk of the district courts of Harris county, as provided in article 2020, R. S. 1925, as amended by the Acts of 1933, 43d Leg., p. 546, c. 177 (Vernon's Ann. Civ. St. art. 2020).

Affirmed in part; reversed and rendered in part.

### On Motion for Rehearing.

■ All parties appear to concede, or at least the record conclusively shows, that appellees' controverting affidavits were altered, and interlined with material matter, after they had been filed in the trial court, and after service of copies of the originals upon appellants; and, moreover, without the knowledge of appellants. It is also apparent that appellants agreed to a submission of the question of privilege, without notice of said alteration of the affidavits, and in the belief that those affidavits were to be tested by their original contents. We have concluded, upon rehearing, that no judgment based on such record should be permitted to stand over the protest of any party prejudiced thereby, no matter how innocently or upon what misunderstanding the alterations were made.

Appellants' motion for rehearing will be granted and the former judgment, herein, set aside, and it is now ordered that the judgment as to all appellants be reversed; that as to appellant Potter, judgment will be here rendered sustaining said appellant's plea of privilege and changing the venue of this suit as against him from the district court of Hidalgo county to the district court of Harris county, as provided in art. 2020, R. S. 1925, as amended by the Acts of 1933, 43d Leg., p. 546, c. 177 (Vernon's Ann. Civ. St. art. 2020); and as to all appellants other than the said Potter, the cause will be remanded for further consideration of the matter of privilege.

Appellants' motion for rehearing is granted, and the judgment is reversed and rendered in part and in part reversed and remanded.