## TEXAS ACCEPTANCE CORPORATION v. STRICKLAND.

### No. 1520.

Court of Civil Appeals of Texas. Eastland.

Feb. 28, 1936.

Rehearing Denied March 27, 1936.

Castle, Gammage & Mercer, and Earl W. Gammage, all of Houston, for appellant.

A. H. Moore, of La Feria, for appellee.

GRISSOM, Justice.

Appellee sued appellant for the alleged conversion of his automobile, etc. The trial resulted in judgment for appellee for the value of the automobile found to have been converted.

Appellant duly and timely filed its plea of privilege to be sued in Harris county. Appellee's controverting affidavit, omitting the formal parts, reads as follows: "That this is a suit for the wrongful conversion of a certain automobile which belongs to the plaintiff W. A. Strickland and was converted by the defendant in Cameron County, Texas, on or about the 8th day of July, A. D. 1933; that the defendant took the

1180

car and has converted it to its own use and benefit wrongfully; that this cause comes under exception of law authorizing suits to be brought and maintained out of the county of the defendant's residence and is specifically covered by Sec. 9 of article No. 1995 of the Revised Civil Statutes of Texas (1925), providing that suit may be maintained where a crime or trespass has been committed."

The legal sufficiency of the affidavit was challenged by appellant's general demurrer.

The demurrer was overruled, and, upon a hearing, the plea of privilege was also overruled. The cause was tried, and resulted as heretofore stated.

By three assignments of error appellant contends, in substance, that the court erred in overruling said general demurrer to plaintiff's controverting affidavit because the affidavit did not set out specifically the facts relied upon to confer venue of the cause in Cameron county; because it did not specifically set out facts showing a conversion in Cameron county, and hence a trespass committed there by appellant, but alleged only the legal conclusion that it was there converted by appellant, and, that by reason thereof, said plea was insufficient in law.

Article 2007, R.S.1925, requires a controverting plea to be "under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." The only thing alleged to have been done by appellant in Cameron county is found in the allegation that plaintiff's automobile "was converted by the defendant in Cameron County." The allegation that his automobile was "converted" is not a specific allegation of the facts relied upon to confer venue. It is a mere legal conclusion of the pleader that will not stand against a general demurrer. This is well settled by the decisions of our Supreme Court. Bluitt et al. v. Pearson et al., 117 Tex. 467, 7 S.W.(2d) 524, 526, and Id. (Tex.Civ.App.) 8 S.W.(2d) 310. Also, see Sereno et al. v. Triggo (Tex. Com.App.) 1 S.W.(2d) 607; Magnolia Pipe Line Co. v. McCarter (Tex.Civ.App.) 52 S.W.(2d) 663; Wall et al. v. Royal Indemnity Co. (Tex.Civ.App.) 299 S.W. 319; Gray v. Osborne, 24 Tex. 157, 76 Am.Dec. 99.

A controverting plea to the same effect as in the instant case and with almost the identical language was condemned as being a mere allegation of a legal conclusion and not a compliance with article 2007 by this court in Bramblett v. Roby State Bank,

67 S.W.(2d) 450. To the same effect was the decision of this court in Lawless v. Tidwell, 24 S.W.(2d) 515.

Similar allegations have been condemned as not complying with the statute and as being mere legal conclusions, and therefore subject to a general demurrer. See Helf et al. v. Gunnell (Tex.Civ.App.) 80 S.W. (2d) 325; Duffy v. Cole Pet. Co. et al., 117 Tex. 387, 5 S.W.(2d) 495; Cook et al. v. Guzman (Tex.Civ.App.) 19 S.W.(2d) 855; Idar v. Alaniz (Tex.Civ.App.) 70 S.W.(2d) 756.

For the error of the court in overruling the demurrer to appellee's controverting affidavit, the cause is reversed and remanded, with directions to transfer the cause to a district court of Harris county, Tex., unless appellee shall forthwith amend his plea "setting out specifically the facts relied upon to confer venue" on the district court of Cameron county. See Bramblett v. Roby State Bank, supra.